IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ALABAMA
SOUTHERN DIVISION

| | |
|---|---|
| PAULA SHAW, ] | |
| ] | |
| Plaintiff, ] | |
| ] | |
| v. ] | CV-03-BE-0577-S |
| ] | |
| REGIONS FINANCIAL ] | |
| CORPORATION, ] | |
| ] | |
| Defendant. | |

**MEMORANDUM OPINION**

**I. INTRODUCTION**

This case is before the court on a motion to dismiss (doc. # 4) filed by defendant Regions Financial Corporation ("Regions"). In support of her objection to the motion to dismiss, plaintiff Paula Shaw ("Shaw") presented affidavits and other documents relating to matters outside the pleadings. *See* doc. # 8. Following briefing on the motion by both sides, the court held a hearing on October 31, 2003. At that hearing and with the parties' consent, the court converted the defendant's motion to dismiss into a motion for summary judgment under FED. R. CIV. P. 56. *See Jones v. Auto. Ins. Co.*, 917 F.2d 1528 (11th Cir. 1990) (providing courts with the authority to convert motions to dismiss into motions for summary judgment upon reasonable notice to the parties); *Concordia v. Bendekovic*, 693 F.2d 1073 (11th Cir. 1982) (same).

Plaintiff alleges a claim for sexual harassment and retaliation under the Civil Rights Act of 1964, as amended, 42 U.S.C. § 2000e *et. seq.*, ("Title VII") against Regions and seeks to invoke this court's supplemental jurisdiction under 28 U.S.C. § 1367 as the jurisdictional basis

1

for her state law negligent supervision, assault and battery, and invasion of privacy claims.

Summary judgment is an integral part of the Federal Rules of Civil Procedure and allows a trial court to decide cases when no genuine issues of material fact are presented and when the moving party is entitled to judgment as a matter of law. FED. R. CIV. P. 56. The parties' disagreement on each and every fact is not significant; the law requires only that "there be no genuine issue of material fact." *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 247-48 (1986). *See also Celotex v. Catrett,* 477 U.S. 317, 327 (1986). A factual dispute is genuine if "the evidence is such that a reasonable jury could return a verdict for the nonmoving party." *Anderson,* 477 U.S. at 251-52.

## II. DISCUSSION[1]

Title VII provides that claimants have ninety days to file a civil action after receipt of notice of the right to sue from the EEOC. 42 U.S.C. § 2000e-5(f)(1). The ninety-day time limit in which a plaintiff must file a Title VII action is akin to a statute of limitations rather than a jurisdictional bar. *Zipes v. Trans World Airlines, Inc.*, 455 U.S. 385, 393 (1982). The plaintiff has the burden of proving that she has complied with the ninety-day (90) statute of limitations. *Norris v. Fla. Dep't of Health & Rehab. Servs.*, 730 F.2d 682 (11th Cir. 1984). The statutorily-created ninety-day period starts when either the claimant or her attorney receives a right-to-sue letter, whichever is earlier. *Irwin v. Department of Veterans Affairs*, 498 U.S. 89, 92-93 (1990).

The Federal Rules of Civil Procedure provides that a mailed document is received three days after the date on which it is sent. *See* FED. R. CIV. P. 6(e). *See also, Baldwin Welcome*

---

[1]Based on the lengthy and through presentation of the facts in the parties' briefs, the court does not include a recitation of the facts in this Memorandum Opinion.

*Center v. Brown*, 466 U.S. 147, 148, n. 1 (applying Fed. R. Civ. P. 6(e) to Title VII cases). Under appropriate circumstances, this presumption may be rebutted by admissible evidence, such as an affidavit by the claimant stating the actual date of receipt (or lack thereof). *Id.*

At issue in this case is whether the plaintiff's complaint was filed within the ninety (90) days of her former attorney's receipt of the EEOC's Notice of the Right to Sue.[2] Plaintiff's new counsel concedes that plaintiff's former attorney did in fact receive a copy of the notice of right to sue within the presumptive time period established by Fed. R. Civ. P. 6(e). The court appreciates counsel's candor and recognition of his ethical duties as an officer of the court. However, without any evidence to rebut the presumption of constructive receipt by the plaintiff's former attorney, the court has no choice but to conclude that plaintiff's lawsuit was not filed within the ninety day statute of limitations.

Based on the foregoing, the court concludes that the defendant's motion for summary judgment is due to be GRANTED. Furthermore, the court declines to exercise its supplemental jurisdiction of the plaintiff's state law claims pursuant to 28 U.S.C. § 1367. Accordingly, the state law claims are due to be DISMISSED without prejudice with leave for the plaintiff to re-file these claims in state court.

A separate, final order will be entered.

DONE and ORDERED this 31st day of October, 2003.

KARON O. BOWDRE
UNITED STATES DISTRICT JUDGE

---

[2]On May 9, 2003 and June 9, 2003, the court granted the motions to withdraw filed by attorneys Marvin Stewart and James A. Barnes, IV.

3